STANLEY K. STEWART *et al.*, Plaintiffs-Appellants, *v.* AMOCO OIL COMPANY *et al.*, Defendants-Appellees.—THOMAS J. BARRETT, Plaintiff-Appellant, *v.* MARSHALL FIELD & COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)    Nos. 78-632, 78-633 cons.

Opinion filed April 27, 1979.

Law Offices of Robert Plotkin, of Chicago (Robert Plotkin, John G. Jacobs, and Robert P. Schuwerk, of counsel), for appellants.

Kirkland & Ellis, of Chicago (Joseph DuCoeur and Alan I. Becker, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

These consolidated cases involve the trial court's granting of motions to dismiss in actions against defendants for failure to comply with disclosure requirements of a consumer credit act pertaining to revolving charge accounts. Plaintiffs contend that: (1) the trial court's rulings that defendants are in "substantial compliance" with the act are erroneous, and (2) the trial court's construction of the act is erroneous. We affirm.

These cases have been consolidated because they both involve an interpretation of "An Act in relation to the billing of customers under revolving charge accounts" (hereinafter the Act) (Ill. Rev. Stat. 1969, ch. 121½, pars. 391, 392). Section 1 of the Act (Ill. Rev. Stat. 1969, ch. 121½, par. 391) provides in relevant part:

> "Any * * * statement of account sent to a retail customer who has made a purchase under a revolving charge account * * * must set out side by side and with equal prominence both the amount of the total balance owing on the account as well as the amount of the monthly payment due on the account; the annual percentage rate of the total finance charge, interest charge and other charges, and the date by which, or the period (if any) within which, payment must be made in order to avoid additional interest charges or other charges."

In case No. 78-632, plaintiffs brought a class action suit against Amoco Oil Company and American Oil Company, alleging that Amoco's

monthly billing statement failed to comply with section 1 of the Act in that it did not list the four required disclosures "side by side and with equal prominence." The first two disclosure items, the total balance and the monthly payment, appear twice on the statement, once in the upper right hand portion "side by side and with equal prominence," and again in the middle of the left hand portion one above the other. The third item, the annual percentage rate, appears in the lower left hand portion in print larger than the other disclosure items. The fourth item, the closing date or period within which payment must be made, appears as a formula in the middle of the left hand portion next to the total balance. The formula, which states that payment must be made within 25 days of closing date to avoid additional finance charge, requires the credit card holder to refer to the closing date of his statement which appears in the upper right hand portion.

In case No. 78-633, plaintiff brought a class action against Marshall Field & Company and Fieldel, Incorporated, alleging that Field's monthly billing statement failed to comply with disclosure requirements of the Act. In the Field's billing statement, only the total balance and monthly payment appeared near the top right hand portion "side by side and with equal prominence." The annual percentage rate, introduced by bold print, was located in the lower left hand portion of the billing statement. The closing date or period within which payment must be made to avoid added finance charges, also introduced by bold print, arguably appeared in the lower left hand portion of the statement. The exact closing date was not listed, but the statement did say that to avoid additional finance charges, the new balance had to be paid before the following month's closing date. However, next month's closing date was not listed on the statement.

Plaintiffs in both cases requested declaratory, injunctive, and monetary relief pursuant to section 2 of the Act. (Ill. Rev. Stat. 1969, ch. 121½, par. 392.) As part of their request for monetary relief, plaintiffs requested a refund of all finance charges and other amounts, "other than the cash price," collected during the period from October 6, 1969, to the termination of the instant suit.

Defendants in both cases moved to dismiss on grounds that the complaint was insufficient in law to state a cause of action in that: (1) Section 2 of the Act does not create a private right of action for violations of section 1; (2) defendants have at all times complied with section 1; and (3) plaintiffs do not have "revolving charge accounts" with defendants and therefore the Act does not apply. After hearing arguments, the trial court dismissed plaintiffs' complaints, finding that defendants' billing statements "substantially" complied with the requirements of section 1 of the Act.

OPINION

## I.

Plaintiffs argue that neither of these billing statements are in substantial compliance with the disclosure requirements of the Act. They contend that the statements fail to substantially comply with the Act in that neither one lists the four disclosure items "side by side and with equal prominence" and neither one lists the fourth disclosure item. In order to respond to plaintiffs' contentions we must first ascertain exactly what the Act requires.

■■ As originally enacted, section 1 of the Act required that statements of account:

> "* * * must set out side by side and with equal prominence both the amount of the total balance owing on the account as well as the amount of the monthly payment due on the account." (Ill. Rev. Stat. 1967, ch. 121½, par. 391.)

In 1969, section 1 was amended to also require the disclosure of the annual percentage rate and the closing date or period within which payment must be made in order to avoid additional finance charges. In making this amendment, however, the legislature did not rewrite section 1, but merely substituted a semicolon for the period which originally ended the statute and added the two new disclosure items. Plaintiffs contend that the amended Act is clear in its requirement that all four disclosure items be listed "side by side and with equal prominence." Defendants contend that the Act merely requires that the first two disclosure items be listed side by side and with equal prominence and that the other two disclosure items be listed somewhere else on the billing statements. We agree with defendants' conclusion based on rules of statutory construction and fundamental principles of fairness.

The primary goal in statutory construction is to determine and give effect to the intent of the legislature. (*Yeley v. Bartonville Fire & Police Com.* (1978), 64 Ill. App. 3d 448, 380 N.E.2d 1387.) When the language of a statute is unambiguous and clear, the proper function of a court is to enforce the statute as enacted. (*Board of Trustees v. Illinois Community College Board* (1978), 63 Ill. App. 3d 969, 380 N.E.2d 988.) However, when there is an ambiguity or an uncertainty, a court may employ accepted rules of construction to ascertain the true meaning of the statute. (*United States Steel Corp. v. Pollution Control Board* (1978), 64 Ill. App. 3d 34, 380 N.E.2d 909.) We believe that section 1 of the Act is ambiguous and thus, requires construction.

Section 1 is ambiguous as to the required location and size of all four disclosure items. It is clear from the history and a reading of this section that both the total balance owing and monthly payment due must be listed "side by side and with equal prominence," but it is not clear

whether the other two disclosure items must be similarly positioned. A fair reading of section 1 can give rise to either plaintiffs' or defendants' interpretation of the provision. The possibility of such a dual interpretation has been created by the legislature's failure to redraft the section when it was amended. As a result of this failure, it is unclear from the grammatical structure of the section whether the qualifying phrase, "side by side and with equal prominence," refers only to *both* the amount of the total balance owing and the monthly payment due or to all four of the disclosure items. As defendant notes, if the legislature had intended to require that all four disclosure items be "set out side by side and with equal prominence," the proper grammatical construction would have been something like:

> "[the billing statement] must set out side-by-side and with equal prominence each of the following items: [then list the four disclosure items]."

Nevertheless, plaintiffs contend that the phrase "side by side and with equal prominence" must apply to all four items because otherwise the "entire amendment is meaningless and nonsensical." We disagree because the qualifying phrase is not necessary to give meaning or sense to the amendment. The amendment would have meaning and would make sense, although it would not be grammatically correct, if it were to read:

> "Any bill, memorandum or other statement of account sent to a retail customer * * * under a revolving charge account * * * must set out * * * the annual percentage rate of the total finance charge, interest charge and other charges; and the date by which or the period (if any) within which payment must be made in order to avoid additional interest charges or other charges."

This would be a possible but not absurd reading of the section in light of the fact that the word *both* follows the qualifying phrase. The use of that word could be reasonably interpreted to mean that the qualifying phrase only refers to the two disclosure items which were in the originally enacted bill.

Generally, when a statutory provision is subject to a number of interpretations, it is instructive to search the legislative history for its true meaning. (*People v. Kezerian* (1978), 63 Ill. App. 3d 610, 379 N.E.2d 1246.) Nevertheless, there is no history surrounding the 1969 amendment which convinces us of the true meaning of section 1. The only history which we have been able to find is that contained in the Legislative Synopsis and Digest for the 76th General Assembly (No. 23, at 1158 (1969)). Therein, it is stated that the 1969 amendment "[a]mends act in relation to billings under revolving charge accounts. Provides that the annual interest rate charged and date by which payment must be made are to be set out on each statement sent the customer." However, we do

not consider this two-sentence synopsis to be determinative of the problem here.

Absent any clear expression of intent in legislative history, both sides in this dispute argue various recognized rules of statutory construction. One rule having particular relevance to the instant problem is that where two or more constructions may be placed upon a statute, a court should select that construction which makes the statute both logical and useful. (*Yellow Equipment & Terminals, Inc. v. Lewis* (1976), 35 Ill. App. 3d 875, 342 N.E.2d 426.) We believe that a logical and useful result would be effected if the statute were read to require that only the first two disclosure items be set out side by side and the other two disclosure items be set out somewhere else on the face of the billing statement.

If section 1 were to be read as requiring that all four disclosure items be set out "side by side and with equal prominence," it would be subject to future attacks on the ground that it is indefinite. Some future plaintiff could contend that the section is indefinite in that it fails to prescribe "the duty imposed in terms definite enough to serve as a guide to one who has the involved duty imposed upon it so that he is enabled by reading the enactment to know his rights and obligations thereunder." (*Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 367 N.E.2d 173.) A ruling by the court that the statute is indefinite could result in striking the portion of the enactment requiring the disclosure of the items of disclosure added by the 1969 amendment. When in fact, if the statute were to be read as suggested by defendants, the creditor would be required to set out all four of the items on the billing statement, with the added burden of setting out the first two items "side by side and with equal prominence." We believe that this latter construction is more logical because it would comply with the rule of statutory construction to construe a statute to give it efficient operation and effect as a whole. *Highcrest Management Co. v. Village of Woodridge* (1978), 60 Ill. App. 3d 763, 377 N.E.2d 315.

Additionally, we believe that fundamental principles of fairness dictate this interpretation. In the instant cases, plaintiffs have not alleged that they have been misled, overcharged, or have suffered any actual damages as a result of defendants' failure to list all of the disclosure items "side by side and with equal prominence." It is undisputed that defendants have afforded plaintiffs credit to purchase various goods and services. In view of these circumstances, it would not further the interests of justice to hold defendants to an interpretation of a statute which is so easily subject to a second reasonable interpretation.

Applying the construction we choose to give to the billing statements involved in this case, we find that the Amoco billing statement complies with section 1. The Amoco statement lists both the total balance owing

and the monthly payment due "side by side and with equal prominence," and sets out the other two disclosure items elsewhere on the billing statement. Although the fourth disclosure item is not stated in terms of an exact date, it is stated in terms of a "period within which payment must be made," readily ascertainable from the statement, and it is thus in compliance with section 1.

■ The Marshall Field's statement, however, is not in compliance with section 1. The fourth disclosure item is not stated either as an exact date or a "period within which payment must be made." The lower left hand portion of the statement does state that the balance must be paid before the following month's closing date; however, the following month's closing date is not on the statement. Defendants argue that the closing date is always the same day of the month, but we do not believe that this knowledge is to be attributable to all of Marshall Field's customers. Section 1 places an affirmative duty on defendants to provide that information on the billing statement and they have failed to do so.

## II.

Although we decide that the Marshall Field's billing statement does not comply with the disclosure requirements of section 1, we find that section 2 of the Act (Ill. Rev. Stat. 1969, ch. 121½, par. 392) does not authorize private actions to recover previously paid finance charges. Additionally, we find that declaratory and injunctive relief would not be proper because Marshall Field & Company is now in compliance.

Section 2 provides in relevant part:

"If a * * * statement of account does not comply with Section 1, no interest, service charge, carrying charge or any amount other than the cash price, or balance thereof, for the goods or services giving rise to the account may be charged to or collected from the customer."

Plaintiffs contend that this section creates an implied right of action to recover previously paid finance charges, but we believe that this section, properly read, only permits a debtor to use a violation of section 1 as a defense to an action to recover unpaid finance charges.

In construing section 2, we must, once again, seek to determine and give effect to the legislative intent. In so doing, we must bear in mind that the legislative intent to provide private causes of action has been found even where there is no express provision in a statute. *Hoover v. May Department Stores Co.* (1978), 62 Ill. App. 3d 106, 378 N.E.2d 762; *Rice v. Snarlin, Inc.* (1970), 131 Ill. App. 2d 434, 266 N.E.2d 183.

Private causes of action have been found to exist in the Consumer Fraud Act (Ill. Rev. Stat. 1967, ch. 121½, par. 261 *et seq.*) and the Retail Installment Sales Act (Ill. Rev. Stat. 1975, ch. 121½, par. 501 *et seq.*),

even though there were no express provisions for such actions in these acts.[1] (*Hoover v. May Department Stores Co.* (1978), 62 Ill. App. 3d 106, 378 N.E.2d 762 (court found private right of action under Retail Installment Sales Act); *Rice v. Snarlin, Inc.* (1970), 131 Ill. App. 2d 434, 266 N.E.2d 183 (court found private right of action under Consumer Fraud Act).) Nonetheless, these statutes are significantly different than the act involved in the instant case. The Consumer Fraud Act, as it existed at the time of the *Rice* decision, was an elaborately drawn statute whose provisions indicated a legislative intent to provide a private right of action for consumers. Although, with one exception (Ill. Rev. Stat. 1967, ch. 121½, par. 262I), only the Illinois Attorney General was authorized to enforce the statute (pars. 263-267), sections 2B, 2C, and 2L (Ill. Rev. Stat. 1967, ch. 121½, pars. 262B, 262C, 262L) expressly made certain practices unlawful and created a liability on the seller to the consumer. Other sections made certain practices unlawful without creating an express liability. (See, *e.g.*, pars. 262, 262A, 262G.) Also, section 9 allowed any person to make any "claim against any person who has acquired any moneys or property, real or personal, by any practice herein declared to be unlawful." (Par. 269.) Although this section referred to claims against a seller placed in receivership, the *Rice* court found that this section "further buttressed" their finding of a private right of action. The legislature apparently agreed with this finding because, in 1975, they amended the Consumer Fraud Act to include a provision for a private right of action. Ill. Rev. Stat. 1975, ch. 121½, par. 270a.

The status of the *Hoover* court's interpretation of the Retail Installment Sales Act is still in doubt since the Illinois Supreme Court has granted appeal on the decision, but we note that this statute is also elaborately drawn with some indication that the legislature intended to create a private cause of action for violation of its requirements. Although this statute does not create express liability on the seller for the buyer, it does provide for enforcement by the attorney general and provides both criminal and civil sanctions. (Ill. Rev. Stat. 1975, ch. 121½, pars. 530, 531.) The civil sanction provides that:

> "(b) No person who violates this Act, except as a result of an accident or bona fide error of computation, may recover any finance charge, any delinquency or collection charge or any refinance charge in connection with the related retail installment or retail charge agreement." (Ill. Rev. Stat. 1975, ch. 121½, par. 531(b).)

The term "recover" in this provision has been judicially interpreted to mean either recovery through a lawsuit or through voluntary payment.

---

[1] In 1975, the Consumer Fraud Act was amended to expressly provide for a private right of action. Ill. Rev. Stat. 1975, ch. 121½, par. 270a.

(*Garza v. Chicago Health Clubs, Inc.* (N.D. Ill. 1972), 347 F. Supp. 955.) In light of the statutory provisions for enforcement and for penalties for failure to comply, and the broad judicial interpretation of the legislative intent given of the civil sanction provision, we believe that the *Hoover* court had some basis for finding a legislative intent to provide a private right of action.

Section 2 of the Act, however, cannot be so broadly interpreted. Section 2 is not part of an elaborately drawn statute which evidences an intention on the part of the legislature to provide a private right of action. The Act consists of only two sections which set forth the disclosure requirements and the effect of noncompliance. It does not expressly or impliedly create a liability on the seller to the consumer. It does not provide an enforcement scheme similar to that in the Retail Installment Sales Act. Also, it has not been previously judicially interpreted. Absent any such evidence of a legislative intent to create a private right of action, we cannot read one into section 2.

■■ ■ Instead, we believe that since the Act is a relatively new statute which places new responsibilities on defendants, the proper judicial function is to read the remedy provision very narrowly. (See *Illinois Education Association Local Community High School District 218 v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7; *Barthel v. Illinois Central Gulf R.R. Co.* (1977), 55 Ill. App. 3d 816, 371 N.E.2d 311.) Accordingly, absent any indication of some other legislative intent, we read section 2 as only permitting a revolving charge account debtor to use a failure to comply with section 1 as a defense in an action brought for unpaid finance charges.

Having decided that section 2 does not provide a private right of action to recover previously paid finance charges, we need only to consider plaintiffs' other requested relief. In addition to their request for monetary relief, plaintiffs also requested declaratory and injunctive relief to compel defendants to change their statements to comply with section 1. During oral arguments before this court, counsel for defendants stated that the Marshall Field's billing statement has been changed and that it now provides the fourth disclosure item in a manner similar to that of the Amoco statement. In rebuttal, counsel for plaintiffs did not deny that this change had been made and, in fact, he stated that it was his understanding that a change had been made. In view of the fact that we have already determined that the statement of the fourth disclosure item in the Amoco billing form was in compliance with section 1, we now consider the Marshall Field's billing statement in full compliance with section 1. Thus, plaintiffs' request for declaratory and injunctive relief is unnecessary.

Since we have determined that the Amoco billing statement is in full compliance, the motion to dismiss was properly granted in case No.

78-632. Although we find that the Marshall Field's billing statement was not in full compliance with section 1, plaintiffs are foreclosed from recovering previously paid finance charges because section 2 does not provide a private right of action. Also, plaintiffs are foreclosed from seeking declaratory and injunctive relief because Marshall Field's has since altered their billing statement to comply with section 1. Therefore, the motion to dismiss was properly granted in case No. 78-633.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.