HEINZ BORUSCHEWITZ *et al.*, Plaintiffs-Appellants, v. THOMAS E. KIRTS *et al.*, Defendants-Appellees.

Second District   No. 2—89—0728

Opinion filed May 11, 1990.

Lewis W. Terlizzi, of Brittain, Ketcham, Strass, Terlizzi, Flanagan, Weir, Johnson & David, P.C., of Elgin (Daniel E. Compton, of counsel), for appellants.

D. Kendall Griffith and Nancy G. Lischer, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, and John A. Sandberg, of Thomas

& Hinshaw, Culbertson, of Rockford (Bruce L. Carmen, of counsel), for appellee Thomas E. Kirts.

Kenneth W. Traum, of Kostantacos, Traum, Reuterfors & McWilliams, P.C., of Rockford (Charles P. Kostantacos, of counsel), for appellee Ben Gordon Community Mental Health Center.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs-appellants, Heinz and LuWanda Boruschewitz (Boruschewitzes), appeal from the trial court's dismissal of their amended complaint. The Boruschewitzes, along with Rockford Mutual Insurance Company, filed a 10-count amended complaint naming as defendants Dr. Thomas Kirts (Kirts) and Ben Gordon Community Mental Health Center (The Center). Counts I, III, V, VII and IX were directed at Kirts, and counts II, IV, VI, VIII and X were directed at The Center. The court dismissed the amended complaint in its entirety. The Boruschewitzes are only appealing from the dismissal of counts V through X.

LuWanda Boruschewitz was a patient of Kirts and The Center. While an outpatient, LuWanda shot and killed two people. LuWanda was charged with murder, and she entered a plea of guilty but mentally ill. The court entered a finding of guilty but mentally ill based upon the plea and sentenced LuWanda to incarceration. The Boruschewitzes subsequently brought the instant suit against Kirts and The Center to recover damages.

The Boruschewitzes allege that Kirts' and The Center's negligence caused LuWanda's mental condition to deteriorate until she ultimately became insane and could not conform her conduct to the requirements of the law. This negligence allegedly caused a variety of damages. Counts V and VI of the amended complaint seek damages from Kirts and The Center respectively for Heinz's loss of consortium. Counts VII and VIII seek recovery of $20,000 expended by Heinz for attorney fees in defending the criminal action against LuWanda. Counts IX and X seek damages for LuWanda's "Loss of Freedom."

Both defendants filed motions pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). The court granted the motions and dismissed the amended complaint with prejudice. The Boruschewitzes appeal from the dismissal of counts V through X of the amended complaint. While the court was not specific in its reasoning for dismissing counts V through X, by reviewing the pleadings and arguments presented to the trial court we

accept the parties' conclusion that the court found the complaint to be against the public policy of the State of Illinois.

The issue in this case as stated by the parties is whether the court erred in finding that the claims of Heinz and LuWanda Boruschewitz are barred by Illinois public policy.

■■ When reviewing the dismissal of a complaint, all facts properly pleaded in the complaint must be taken as true. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187; *Johnson v. Village of Libertyville* (1986), 146 Ill. App. 3d 834, 838.) "[A] cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiffs to recover." *Fitzgerald*, 72 Ill. 2d at 187.

■■ Defendants set forth in their motion, and again in their brief to this court, two general policy principles that they claim require this court to affirm the dismissal of the amended complaint:

> (1) A person should not be allowed to maintain an action if, in order to establish his cause of action, he must rely on his own violation of the criminal or penal laws or on his own immoral acts; and
>
> (2) A person should not profit from his illegal act.

Defendants claim that both of these principles would be contravened by allowing the instant cause of action. We find that neither of these principles applies to the case at bar.

The parties have presented several cases from other jurisdictions that discuss the principle that a party cannot base a cause of action on his violation of a criminal provision. They assert that these cases are applicable to the instant case.

In *Cole v. Taylor* (Iowa 1981), 301 N.W.2d 766, the plaintiff sued her psychiatrist, claiming that he negligently failed to prevent her from committing murder. The psychiatrist moved to dismiss the complaint on public policy grounds. The supreme court of Iowa stated the general rule:

> "[T]hat a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party, or to maintain a claim for damages based on his own wrong or caused by his own neglect, *** or where he must base his cause of action, in whole or in part, on a violation by himself of the criminal or penal laws." (*Cole*, 301 N.W.2d at 768, citing 1 C.J.S. *Actions* §13, at 996-97.)

The court granted the defendant's motion to dismiss because, as alleged in her complaint, the criminal act of murder was the basis of

her damages. *Cole*, 301 N.W.2d at 768.

The Iowa court's decision in *Cole* has been cited by the Court of Appeals of Michigan in *Glazier v. Lee* (1988), 171 Mich. App. 216, 429 N.W.2d 857 (plaintiff's case against psychologist for damages resulting from conviction of voluntary manslaughter dismissed), and by the Court of Appeals of Tennessee in *Moss v. Mid-South Hospital* (Tenn. App. Nov. 7, 1989), No. 46, 1989 WL 134666 (plaintiff's case against mental health care providers for damages resulting from conviction of murder and auto theft dismissed). Defendants claim that the rationale of these decisions should be applied to the instant case to affirm the dismissal of the plaintiff's complaint.

■■ ■ We find the above cases distinguishable in one important respect. In each of the above cases, the plaintiff alleged in his or her complaint that he or she committed a criminal act (murder, voluntary manslaughter, and murder and auto theft respectively). However, in the case at bar, plaintiff has alleged that she was insane at the time she committed the killings. She has not based her claim against Kirts and The Center on her own violation of the Criminal Code as the plaintiffs in the above-cited cases did. While her conviction upon her plea of guilty may be admitted in this case, it only establishes a *prima facie* case that the underlying acts took place. (See *Rockford Mutual Insurance Co. v. Shattuck* (1989), 188 Ill. App. 3d 787, 790.) It does not conclusively establish that an illegal or immoral act was committed. Plaintiff has alleged in her complaint that she was insane, and we must accept this allegation as true. An insane person is not held to be responsible for his acts. (Ill. Rev. Stat. 1987, ch. 38, par. 6—2(a); *People v. Clark* (1981), 102 Ill. App. 3d 414, 417.) Plaintiff is allowed an opportunity to rebut the *prima facie* case and prove that she was criminally insane. In other words, she should be allowed to demonstrate that she did not commit an intentional act and thus was not guilty of a crime. This is a question of fact. Whether she can maintain her burden of proof on the issue is not our concern at this juncture.

■■ Defendants claim that even if LuWanda is not criminally responsible for her actions, she still has committed an immoral or wrongful act. We reject this argument. Society cannot hold people who are insane to the same moral standards as people who are sane. Additionally, the term "wrongful" must also take on a different meaning in the context of an allegation of insanity. We find that the defendant's first policy contention is inapplicable to the case at bar.

■■ Turning to the second policy contention, Kirts sets forth two statutory provisions that evince the public policy that a person should

not profit from his illegal act. One such provision is section 2—6 of the Probate Act of 1975 that precludes a person from receiving property from the deceased if he intentionally and unjustifiably causes the death. (Ill. Rev. Stat. 1987, ch. 110½, par. 2—6.) Another such provision is found in section 3 of the Criminal Victims' Escrow Account Act (Ill. Rev. Stat. 1987, ch. 70, par. 403). This provision precludes a person "who has been charged with or convicted of a crime in this State or who has been found not guilty by reason of insanity or guilty but mentally ill of a crime" from receiving payment for the sale of the right to depict the story in a book, movie, magazine, et cetera. (See Ill. Rev. Stat. 1987, ch. 70, par. 403.) Additionally, Kirts cites to several cases that hold a person cannot receive the benefits of a life insurance policy if he intentionally kills the insured. *Supreme Lodge Knights & Ladies of Honor v. Menkhausen* (1904), 209 Ill. 277; *Illinois Bankers Life Association v. Collins* (1930), 341 Ill. 548; see also *Bailey v. Retirement Board of the Policemen's Annuity & Benefit Fund* (1977), 51 Ill. App. 3d 433.

■ While the statutes and cases cited to this court are premised upon the principle that a person should not benefit from his illegal act, we find this principle to be inapplicable in the case at bar. The plaintiffs in this case are not attempting to profit from an illegal act. Plaintiffs are seeking *compensation* for damages they allegedly suffered; they are not attempting to  *profit*. If plaintiffs can prove the allegations set forth in their amended complaint, they will be made whole again; they will not receive "profit."

In a factually distinguishable case, this court affirmed a decision allowing a person who killed his parents to receive the benefits of their estate after he was found to be unfit to stand trial for their murders. (*Button v. Elmhurst National Bank* (1988), 169 Ill. App. 3d 28.) While *Button* was decided by referring to the express language of a statute, it reveals that a person's mental state is an important factor when applying policy considerations. The cause of action as specifically alleged in the complaint does not violate the public policy of this State as argued by defendants. We have not been requested to address any other issues, and we will not undertake that burden *sua sponte*.

The judgment of the circuit court of De Kalb County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

UNVERZAGT, P.J., and DUNN, J., concur.