THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES W. LAMBERT, Defendant-Appellant.

Third District   No. 3—92—0770

Opinion filed August 27, 1993.

Robert H. Jones, of Robert H. Jones, Ltd., of Peoria, for appellant.

Erik I. Blanc, State's Attorney, of Pekin (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, James W. Lambert, was indicted for the Class 4 felony of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(d)(1)). Thereafter, a jury found him guilty of that offense, and he was subsequently sentenced to 30 months of probation, 3 months of periodic imprisonment, and a fine of $1,000. He appeals, and we affirm.

The record shows that the State indicted the defendant pursuant to section 11—501(d)(1) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(d)(1)). That section states that every person convicted of committing a DUI shall be guilty of a Class 4 felony if the person had committed two previous DUI offenses. Here, the record shows that the defendant was found guilty of DUI in 1974 and 1985.

On appeal, the defendant first contends that the indictment was insufficient because it failed to give him adequate notice. Specifically, he alleges that the indictment was defective because it did not set out the dates or locations of the prior DUI offenses. We disagree.

A charge shall be in writing and allege the commission of an offense by: (1) stating the name of the offense; (2) citing the statutory provision alleged to have been violated; (3) setting forth the nature and elements of the offense charged; (4) stating the date and count of

the offense as definitely as can be done; and (5) stating the name of the accused. (Ill. Rev. Stat. 1991, ch. 38, par. 111—3(a).) In addition, when the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during the trial. Ill. Rev. Stat. 1991, ch. 38, par. 111—3(c).

In the case at hand, the indictment stated that "James W. Lambert committed the offense of driving under the influence of alcohol (Class 4 felony) in that said Defendant (s) drove a motor vehicle while under the influence of alcohol, said Defendant having committed a violation of Illinois Revised Statutes, Chapter 95½, Section 11—501(a), for the third or subsequent time, in violation of Illinois Revised Statutes, Chapter 95½, Section 11—501(d)(1)." The record also shows that the defendant was provided in discovery with a copy of his driver's abstract. The abstract showed that the defendant was found guilty of DUI onMay 24, 1974, and on February 19, 1985. The defendant completed court supervision for the 1985 adjudication.

■ Based on the above evidence, we find that the defendant received sufficient notice regarding the State's intent to use the defendant's prior DUI offenses to establish that he had committed a Class 4 felony. We therefore reject the defendant's contention that the indictment gave him insufficient notice.

In addition, we note that the indictment's failure to list the locations and dates of the prior DUI offenses did not impair the defendant's preparation of his defense since the elements of a Class 4 felony DUI are the same as a Class A misdemeanor DUI. (See Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(c).) Here, the prior offenses are not elements of a DUI charge and are used solely for sentencing purposes after the defendant is found guilty of DUI. As such, since the prior DUI offenses were irrelevant to his trial preparation, the defendant cannot claim he was prejudiced by the State's failure to include detailed information in the indictment regarding the prior convictions.

The defendant next argues that he could not be convicted of felony DUI because he had only one prior DUI conviction. He notes that section 11—501(d)(1) of the Code provides that every person convicted of committing a DUI shall be guilty of a Class 4 felony if "such person committed" the DUI for the third or subsequent time. (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(d)(1).) He further notes that the

1985 incident resulted in his receiving and completing court supervision. He contends that supervision is not a conviction but is similar to a continuance in that if a defendant exhibits good conduct during the supervision, the charges may be dismissed and the record of the proceedings expunged. Therefore, he concludes that since he was not convicted of a DUI in 1985 it cannot be said that he committed a second DUI.

In response, the State argues that felony DUI does not require two prior DUI convictions because the term "committed" is not the same as a conviction. In support of its argument, the State notes that a defendant can only receive supervision if he pled guilty, stipulated to the facts supporting the charge, or was found guilty. Thus, the State reasons that the instant defendant committed a prior DUI when he pled guilty and received supervision.

In reaching a decision in this case, we must interpret the language of the statute, giving the words their plain and ordinary meaning, to determine the legislature's intent. (*Cunningham v. Huffman* (1993), 154 Ill. 2d 398, 609 N.E.2d 321.) We note that section 11–501(d)(1) requires a person to have *committed* a DUI violation for the third or subsequent time to support a felony DUI conviction. The statute does not say that he must have two prior DUI *convictions* as that term is defined. (See Ill. Rev. Stat. 1991, ch. 38, par. 2–5.) Had the legislature intended to require two prior convictions, it could have easily done so by using the term "convicted" in section 11–501(d)(1) instead of the broader term "committed."

We note that support for our interpretation can be found in the transcripts of the legislative debate on this bill. During the debate, Representative Cullerton made the following statement:

"[W]hat these Bills are talking about, is somebody that gets supervision the first time for drunk driving, after going through the program, doesn't get a conviction, gets picked up a second time and is convicted. But on his record, that's only his first conviction. Then goes out a third time and gets picked up and gets convicted, and that's what we're talking about. Somebody who the third time, has violated the law's and has been a drunk driver." (85th Ill. Gen. Assem., House Proceedings, May 21, 1987, at 27-28 (statements of Representative Cullerton).)

His position was also adopted by Representatives Countryman and McCracken.

In addition, we note that although the successful completion of supervision does not result in a conviction (*People v. Coleman* (1986), 111 Ill. 2d 87, 488 N.E.2d 1009), we believe that the term "commit-

ted" as used in this section encompasses a prior supervisory disposition because a defendant must have pled guilty, stipulated to the facts supporting the charge, or been found guilty before supervision could be imposed. See *People v. Masten* (1991), 219 Ill. App. 3d 172, 579 N.E.2d 27 (holding that a defendant could be charged with felony DUI when he previously pled guilty to DUI but was never sentenced because the guilty plea was the equivalent of a conviction).

As such, we reject the defendant's contention that the statute in question requires a defendant to be convicted of two prior DUI offenses before he can be charged with a Class 4 felony. We find the statute only requires a finding that the defendant committed two prior DUI offenses to be eligible for felony DUI. Therefore, since the defendant in this case had committed two prior DUI offenses, he was properly charged with felony DUI.

Accordingly, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

SLATER and LYTTON, JJ., concur.