THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. HENRY SHEEHAN *et al.*, Defendants-Appellees.

Second District    Nos. 2—92—0725, 2—92—0726 cons.

Opinion filed April 26, 1994.

DOYLE, J., dissenting.

David R. Akemann, State's Attorney, of St. Charles (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Richard C. Slocum and Jonathan B. Shanower, both of Dreyer, Foote, Streit, Furgason & Slocum, P.A., of Aurora, for appellee Victor Pall.

No brief filed for appellee Henry Sheehan.

JUSTICE McLAREN delivered the opinion of the court:

The State appeals from two orders of the circuit court of Kane County dismissing aggravated driving while under the influence (DUI) charges against the defendants, Victor Pall and Henry Sheehan. In this consolidated appeal, the State raises the sole issue of whether a disposition of supervision may be used as one of the predicate offenses to enhance a DUI charge from a misdemeanor to a Class 4 felony. (See Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—501(d)(1) (now 625 ILCS 5/11—501(d)(1) (West 1992)).) For the following reasons, we affirm.

In No. 91—CF—2008, Victor Pall was charged with felony DUI. (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, pars. 11—501(a)(2), (d)(1) (now 625 ILCS 5/11—501(a)(2), (d)(1) (West 1992)).) The complaint alleged that Pall drove while under the influence of alcohol after having been previously found guilty of driving under the influence of alcohol on August 25, 1982, and July 14, 1986.

Pall moved to dismiss the charge on the ground that an earlier order of supervision did not satisfy the statutory predicate for enhancing a misdemeanor DUI charge to a Class 4 felony. In his motion, Pall stated that following his guilty plea to the August 25, 1982, charge he was placed on supervision and that he satisfactorily completed the supervision period on February 25, 1983. Approximately three years later, he was again arrested for driving while under the influence and convicted of that charge on July 14, 1986. Approximately five years after his conviction on the second charge, Pall was arrested for driving while under the influence and charged in the present case with felony DUI.

Relying on a statutory section which provides, in part, that "[d]ischarge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt" (see Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—3.1(f) (now 730 ILCS 5/5—6—3.1(f) (West 1992))), the trial court dismissed the felony DUI charge against Pall. Rather than proceed on the misdemeanor DUI charge, the State dismissed the charge and filed a timely certificate of impairment and notice of appeal.

In No. 92—CF—477, Henry Sheehan was charged with aggravated DUI. (Ill. Rev. Stat. 1991, ch. 95$^{1}/_{2}$, pars. 11—501(a)(2), (d)(1) (now 625 ILCS 5/11—501(a)(2), (d)(1) (West 1992)).) The felony DUI complaint charged that Sheehan drove while under the influence of alcohol after previously having been *found guilty* of DUI on February 5, 1986, and December 19, 1989.

In addition to a motion *in limine* to exclude the use of certain driving records, Sheehan moved to dismiss the felony DUI charge, contending that the State's complaint failed to state the minimum statutory predicate for enhancement of misdemeanor DUI to a Class 4 felony. Sheehan asserted that following his plea of guilty on February 5, 1986, to driving while under the influence, the court imposed a period of supervision. Adopting its earlier ruling and reasoning in People v. Pall (Cir. Ct. Kane Co.), No. 91—CF—2008, the trial court dismissed the felony information. The State filed a timely certificate of impairment and notice of appeal, and both cases were consolidated for appeal.

As a preliminary matter, we note that Sheehan has not filed an appellee's brief with this court. Nevertheless, we will proceed to the merits because the record is simple and the claimed error is such that this court can decide it without the aid of an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

We first note that the complaints for preliminary hearing filed by

the State against both defendants states that they drove under the influence of alcohol "after having previously been *found guilty* of driving under the influence." (Emphasis added.) As the supervision statute clearly states that the successful completion of supervision "shall be deemed without adjudication of guilt" (Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—3.1(f) (now 730 ILCS 5/5—6—3.1(f) (West 1992))) and both defendants completed supervision successfully, they obviously were not "found guilty," as the State's complaints charge.

However, we will look beyond the language of the complaint and address the core question of whether, and to what extent, a successfully completed supervision may be counted when applying the enhancement statute.

Enacted as a deterrent to repeat offenders, the felony DUI statute provides for an enhanced penalty when a defendant has committed a DUI violation for the third or subsequent time. Section 11—501 provides, in relevant part:

"(d) Every person convicted of committing a violation of this Section shall be guilty of aggravated driving under the influence of alcohol or drugs or a combination of both which shall be a Class 4 felony if:

(1) such person *committed* a violation of paragraph (a) for the third or subsequent time." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 95$^{1}$/$_2$, par. 11—501(d)(1) (now 625 ILCS 5/11—501(d)(1) (West 1992)).

The State maintains that the use of the word "committed" evinces the legislature's intent that an order of supervision should automatically qualify *and* conclusively prove a predicate offense. The defendant responds that the State must show two prior convictions as the predicate necessary for enhancement to a felony DUI charge.

"The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature." *People v. Boykin* (1983), 94 Ill. 2d 138, 141.

The first place that a court of review will look to ascertain that intent is the language employed in the statute, and such language should be accorded its plain or ordinary and popularly understood meaning. (*Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund* (1993), 155 Ill. 2d 103, 111.) When the language is clear, it will be given effect without resort to other aids for construction. (*People ex rel. Baker v. Cowlin* (1992), 154 Ill. 2d 193, 197.) Conversely, "[i]f the language is capable of being understood by reasonably well-informed persons in two or more different senses, an ambiguity exists, and it is proper to examine sources other than the statute's language

to ascertain the legislative intent." (*Costello v. Governing Board of Lee County Special Education Association* (1993), 252 Ill. App. 3d 547, 557.) Published legislative history is an appropriate source to determine the legislature's intent when an ambiguity exists. *People v. Kezerian* (1978), 63 Ill. App. 3d 610, 614.

To "commit" means "[t]o perpetrate, as a crime; to perform as an act." (Black's Law Dictionary 273 (6th ed. 1990).) This definition hardly answers the question before us: whether "commit," as used in the context of section 11—501, necessarily includes a disposition of supervision. The dissent accepts the State's conclusory argument that because the legislature did not use the word "convict," it must surely have meant that the scrap of paper which demonstrates that a case ended in a disposition of supervision is *proof* that a person who received the supervision actually *committed* the offense of DUI. We are constrained to follow established law regarding *proof* of a commission of an offense rather than adopt the State's unfounded position.

As our ultimate goal in statutory interpretation is to give the words the meaning intended by the legislature, and because the State and the defendant present reasonable interpretations of the word "committed" that differ, we will examine the legislative history, which the dissent is reluctant to do, perhaps because the history demonstrates quite conclusively that the legislature never expressed its intent as to the meaning of "committed."

The dissent misstates our reasons for finding that "committed" as used in section 11—501 is ambiguous. The dissent claims that we base our determination "*solely* on the basis that both parties perceive differing legislative prerogatives underlying the use of the word 'committed.' " (261 Ill. App. 3d at 335.) We base our finding of ambiguity on our dual concern for discovering the true intent of the legislature, which must always be the touchstone of statutory construction, and our belief that the defendant and the State present reasonable interpretations that differ, which is an appropriate basis for making such a determination. (*Costello*, 252 Ill. App. 3d at 557.) The dissent claims that we "beg the question of ambiguity." (261 Ill. App. 3d at 335.) We respectfully submit that it is the dissent which begs the question by concluding without citation to authority or serious analysis that the *disposition* of supervision *unambiguously* constitutes *proof* of a commission rather than consider whether the incident upon which the supervision was based was intended to be included within the meaning of "committed."

The DUI enhancement provision was added to section 11—501 by House Bill 2700 during the 1987 session of the General Assembly. A

published legislative history of House Bill 2700 covers 27 pages of House and Senate debate. It discloses that the lawmakers never directly considered the question we face here. The debate appeared to focus mostly on concerns by some legislators that the bill's increased DUI penalties were too harsh. Several lawmakers, in referring to the enhancement portion of the bill, used the word "convicted" instead of committed, indicating they were equating conviction with commission. The only direct mention of the enhancement provision came from comments by Representative Thomas J. McCracken, cosponsor of House Bill 2700, and Representative Cullerton. Cullerton's comments included the following:

"[W]hat these Bills are talking about, is somebody that gets supervision the first time for drunk driving, after going through the program, doesn't get a conviction, gets picked up a second time and is convicted. But on his record, that's only his first conviction. Then goes out a third time and gets picked up and gets convicted, and that's what we're talking about. Somebody who the third time, has violated the law's [sic] and has been a drunk driver." 85th Ill. Gen. Assem., House Proceedings, May 21, 1987, at 27-28 (statements of Representative Cullerton).

This would indicate that supervision would be considered sufficient for a commission. However, Representative McCracken had the final word on the bill on May 21, 1987, just prior to the floor vote. McCracken said in summation:

"So this is the Bill [H.B. 2700] which contains the Class 4 Felony for the third offender, really the fourth offender. This is the Bill which deals only with repeat offenders. And in reality, the repeat offender is not merely a second time loser by the time he comes into this process, he is a three time loser. He's already had *supervision*, generally. He's already had *one conviction*. He's already had a *second conviction*." (Emphasis added.) 85th Ill. Gen. Assem., House Proceedings, May 21, 1987, at 34-35 (statements of Representative McCracken).

McCracken, thus, apparently believed that a supervision would not be counted for enhancement purposes. However, there is no clear expression of legislative intent. The floor debates in the Senate never touched on the issue we face herein.

When legislative intent is unclear and a statute is reasonably susceptible to more than one construction, courts of review are to adopt a construction that is both logical and useful (*Check Inn Lounge, Inc. v. Kozubowski* (1987), 164 Ill. App. 3d 1023, 1030; *Stewart v. Amoco Oil Co.* (1979), 72 Ill. App. 3d 330, 335), and avoid a construction that renders the statute meaningless (*Yellow Equipment & Terminals, Inc. v. Lewis* (1976), 35 Ill. App. 3d 875, 879).

In the present matter, section 11—501 would not be rendered meaningless if we were to adopt either the State's or the defendant's position. Therefore, we must select a construction that is logical, useful, and reasonable. It would be both unreasonable and unfair to simply select either the State's or the defendant's position, and such a result also would be contrary to legislative intent. Since the legislature did not express a clear opinion as to whether a plea to supervision proves a commission for enhancement, it is not for us to do so on the basis that such an interpretation is unambiguous.

The State is clearly correct in noting that by using the word "committed" rather than "convicted" in section 11—501, the legislature evinced a desire to broaden the class of acts which qualify for enhancement. However, it would be logically flawed to conclude that, just because the legislature used a broader term than "convicted," it necessarily meant to include a plea to supervision within the ambit of the term "committed."

We are not without guidance in this matter, however. It is settled in Illinois that a supervision taken in a DUI case may not be used as a conclusive presumption of guilt in a collateral civil case. "A guilty plea to a traffic offense, although not conclusive proof, is proper evidence against a defendant in a civil proceeding arising from the same incident even where the underlying charge has been finally dismissed without adjudication of guilt after defendant has received supervision." (*Wright v. Stokes* (1988), 167 Ill. App. 3d 887, 891-92.) This rule derives from a more basic proposition that when a defendant enters a guilty plea in a criminal matter, that plea may be admitted as *evidence* in a collateral civil action. However, the plea establishes only a *prima facie* case that the underlying acts took place; it does not establish a conclusive presumption. (*Boruschewitz v. Kirts* (1990), 197 Ill. App. 3d 619, 623; *Rockford Mutual Insurance Co. v. Shattuck* (1989), 188 Ill. App. 3d 787, 790.) If a guilty plea may not be used as a conclusive presumption in a civil case, it certainly may not be conclusive in a criminal matter, such as we face here, wherein constitutional concerns of due process are implicated. Therefore, we hold that a disposition of supervision does not automatically establish a predicate offense for enhancement purposes under section 11—501.

However, a guilty plea or stipulation taken as part of a supervision agreement may be offered by the State as an evidentiary admission by the defendant, should the State attempt to prove beyond a reasonable doubt that the defendant in fact "committed" a DUI in a previous case although he received supervision. "An admission is a statement or conduct from which guilt may be

inferred, when taken in connection with other facts, but from which guilt does not necessarily follow." (*People v. Stewart* (1984), 105 Ill. 2d 22, 57.) The admission, therefore, would have to be corroborated by other competent evidence from which a trial court could determine that a defendant did, in fact, commit an act of DUI although he received supervision and was not formally convicted of that crime.

Among those things that the State would have to prove when attempting to elevate a supervision-related guilty plea to a "commission" is that the plea was entered by a defendant after he or she had the benefit of counsel. *People v. Finley* (1991), 209 Ill. App. 3d 968, 971-72.

This further evidentiary showing, beyond the mere demonstration that a defendant received supervision, is required, because in Illinois a defendant may plead guilty in order to obtain some favorable sentence although maintaining his or her innocence, provided that there is a strong factual basis for the plea. (*People v. Barker* (1980), 83 Ill. 2d 319, 333.) These so-called pleas of convenience permit a defendant to avoid the risk of trial in order to accept a lesser sentence although he steadfastly claims he is innocent and may well be innocent. Such pleas were held to be constitutional, provided there is strong evidence of guilt presented at the time the plea is taken, as in *North Carolina v. Alford* (1970), 400 U.S. 25, 37-38, 27 L. Ed. 2d 162, 171-72, 91 S. Ct. 160, 167-68. This requirement of a factual basis has been adopted in Illinois and is embodied in Supreme Court Rule 402(c). (134 Ill. 2d R. 402(c); *Barker*, 83 Ill. 2d at 333.) However, this factual basis requires a lesser showing than evidence beyond a reasonable doubt. (*Barker*, 83 Ill. 2d at 327.) "In evaluating the sufficiency of the factual basis to support a plea of guilty, a trial judge is in much the same position and would apply similar standards as those used in determining the sufficiency of the State's evidence at trial to withstand a motion for a directed verdict of not guilty." *Barker*, 83 Ill. 2d at 328.

Because of this lesser quantum of evidence required for the taking of a guilty plea, we may not hold that one who pleads guilty to obtain supervision will then conclusively be presumed upon a later conviction to have "committed" the underlying act of DUI in the case in which he or she received the supervision.

In the present matter, the State made no attempt to prove the commission of a DUI beyond the allegation that the prior case ended in a disposition of DUI supervision. Nor did the State demonstrate that the defendant had the benefit of counsel prior to entering a plea which resulted in the supervision. "[W]here there is no affirmative indication in the record that the right to counsel has been waived,

the burden is on the State to demonstrate such a waiver, and every reasonable presumption against a finding of waiver will be entertained." *Finley*, 209 Ill. App. 3d at 972.

We are aware of two cases decided in recent months that raise the same issue we face today. However, neither of those cases dealt fully with the legislative history surrounding section 11—501, and *neither* case addressed the issue of counseled plea *or* the constitutional implications of the plea taken in connection with supervision. Therefore, we find them uncontrolling and not dispositive of all of the issues we face here.

In *People v. Winkler* (1993), 248 Ill. App. 3d 954, an Appellate Court, First District, case decided during the pendency of this appeal and cited as additional authority by the State, the court rejected the defendant's argument, similar to that in the present matter, that he could not be charged with felony DUI because he pleaded guilty and was placed on supervision for one of his two predicate offenses. The court in *Winkler* declared that the word "committed" as used in the enhancement statute "encompasses" a prior disposition of supervision. *Winkler*, 248 Ill. App. 3d at 957.

In support of its holding, the court noted: "Had the legislature intended to require two prior convictions, it could have easily done so by using the term 'convicted' in section 11—501(d)(1) instead of the broader term 'committed.' " (*Winkler*, 248 Ill. App. 3d at 957.) We agree that the legislature *could* have used another word, but it did not, and that is precisely why we must look beyond simply dictionary language to decide exactly what the legislature intended.

The court in *Winkler* also found support for its holding in the fact that "a defendant must have pled guilty or stipulated to the facts supporting the [DUI] charge before supervision could be imposed." (*Winkler*, 248 Ill. App. 3d at 957.) We do not argue with that statement, but the court in *Winkler* ignored the clear, unambiguous language of the supervision statute that once a person has successfully completed supervision, there is no adjudication of guilt. (See Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—3.1(f) (now 730 ILCS 5/5—6—3.1(f) (West 1992)).) This final adjudication, we believe, supersedes the initial plea or stipulation.

Our reading of the supervision statute is supported by the case of *Kirwan v. Welch* (1989), 133 Ill. 2d 163, in which the supreme court held that supervision is not a conviction (*Kirwan*, 133 Ill. 2d at 166) and is not even a final judgment because it "does not possess any of the characteristics of finality." (*Kirwan*, 133 Ill. 2d at 167.) Thus, while a defendant must plead guilty or stipulate to facts supporting the DUI charge to obtain supervision, the disposition of supervision

does *not* conclusively prove the defendant has "committed" the act of driving while intoxicated.

Also, we find unconvincing the bare statement in *Winkler* that "we believe that the term 'committed' as used in section 11—501(d)(1) encompasses a prior supervisory disposition." (*Winkler*, 248 Ill. App. 3d at 957.) Mere "belief" is hardly a sufficient basis for making determinations of legislative intent.

The Appellate Court, Third District, reached a decision similar to *Winkler* in *People v. Lambert* (1993), 249 Ill. App. 3d 726. In support of its holding of nonambiguity, the court quoted the floor·debate comments of Representative Cullerton, but not those of Representative McCracken.

Like the *Winkler* and *Lambert* cases, the dissent makes a quantum leap from an unsupported (and, we believe, insupportable) finding of unambiguity to the conclusion that the mere disposition of supervision is *proof* that a defendant "committed" the act of DUI. As we have attempted to explain above, while the guilty plea which underlies the disposition of supervision has evidentiary value, it is not conclusive—nor could it be under case law and constitutional principles, even if the legislature so intended.

The order of the circuit court of Kane County dismissing the complaints against Pall, in case No. 91—CF—2008, and Sheehan, in case No. 92—CF—477, is affirmed.

Affirmed.

GEIGER, J., concurs.

JUSTICE DOYLE, dissenting:

The majority holds today that a prior disposition of supervision does not qualify as a predicate offense for enhancement purposes in the absence of competent corroborative evidence from which the trial court could determine that a defendant who received supervision did in fact commit an act of DUI.

In reaching its conclusion, the majority determined that the felony enhancement provision in the DUI statute is ambiguous because the State and defendant presented reasonably differing interpretations of the word "committed." Following an examination of the legislative debates relating to the felony enhancement provision, the majority finds no clear expression of legislative intent and therefore concludes that "[s]ince the legislature did not express a clear opinion as to whether a plea to supervision proves a commission for enhancement, it is not for [the majority] to do so." (261 Ill. App.

3d at 331.) The majority, however, then proceeds to fashion a rule which would require the State to provide competent corroborative evidence from which the trial court could determine whether a defendant did, in fact, commit the previous act of DUI. For the several reasons that follow, I respectfully dissent.

Initially, I disagree with the conclusion that the term "committed" is ambiguous. The majority's conclusion rests solely on the basis that both parties perceive differing legislative prerogatives underlying the use of the word "committed." This conclusion, in my opinion, merely begs the question of ambiguity.

Unlike the majority, I perceive the use of the term "committed" as a clear and unambiguous expression of legislative intent, thus making it unnecessary to resort to legislative history (see *Nevitt v. Langfelder* (1993), 157 Ill. 2d 116, 134), which, in any event, the majority ultimately concedes is unavailing. It is a fundamental tenet of statutory construction that where the language of a statute is clear and unambiguous, the only role of the court is in its application. (*In re M.M.* (1993), 156 Ill. 2d 53, 69.) Where the language is clear, it will be given effect without resort to other aids for construction. *People ex rel. Baker v. Cowlin* (1992), 154 Ill. 2d 193, 197.

In my opinion, the determinations reached by the Appellate Court, First and Third Districts, in *People v. Winkler* (1993), 248 Ill. App. 3d 954, and *People v. Lambert* (1993), 249 Ill. App. 3d 726, better reveal the legislative intent underlying the enhancement provision of section 11—501. In *Winkler*, the Appellate Court, First District, rejected the defendant's argument that he could not be charged with felony DUI because he pleaded guilty and was placed on supervision on one of the two predicate offenses. Finding the relevant statutory language clear and unambiguous, the court found it significant that the provision did not recite that two prior *convictions* were necessary for enhancement; instead, the legislature chose to employ the broader term "committed." The court observed that the commission of the prior act is established by a disposition of supervision "because a defendant must have pled guilty or stipulated to the facts supporting the charge before supervision could be imposed." *Winkler*, 248 Ill. App. 3d at 957.

Applying similar reasoning, the Appellate Court, Third District, in *Lambert*, held that the term "committed" encompassed a prior supervision disposition. (*Lambert*, 249 Ill. App. 3d at 729-30.) The court reasoned that had the legislature intended to require two prior convictions as the predicate offenses, it could have easily utilized such language. (*Lambert*, 249 Ill. App. 3d at 729.) I agree with the analysis set forth in *Winkler* and *Lambert*.

Supervision clearly is not synonymous with conviction. However, inherent in an order of supervision is that some determination of guilt has occurred which authorized that disposition. As recognized in *Winkler* and *Lambert*, and expressed by the legislature, a defendant can receive supervision only if he has pleaded guilty, stipulated to the facts supporting the charge, or there has been a finding of guilt. Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—1(c) (now 730 ILCS 5/5—6—1(c) (West 1992)); *Winkler*, 248 Ill. App. 3d at 956.

In the present case, Pall and Sheehan both acknowledged that some determination of guilt occurred prior to receiving a disposition of supervision. In his motion to dismiss, Pall stated he pled guilty to DUI on August 25, 1982, and was placed on court supervision. In his motion *in limine*, Sheehan stated that on or about February 5, 1986, he entered a plea of guilty to the August 31, 1985, offense of driving while under the influence.

In *Kirwan v. Welch* (1989), 133 Ill. 2d 163, the court, in examining the nature of supervision, stated:

> "A discharge and dismissal upon a successful conclusion of supervision is without an adjudication of guilt and does not result in a conviction for purposes of disqualification or disabilities imposed by law. [Citation.] However, if a defendant violates the conditions of his supervision, the supervision may be revoked and any other sentence available at the time of the initial sentencing may be imposed." (133 Ill. 2d at 166.)

Implicit in this court's pronouncement is the notion that a prior determination that a defendant committed a violation of an offense is a necessary prerequisite to the entry of an order of supervision. Otherwise, a defendant could be punished for the violation of his supervision only following a redetermination of guilt by plea, stipulation, or trial before the imposition of an alternate sentence.

Furthermore, although the legislature has determined that "[d]ischarge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt" (see Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—3.1(f) (now 730 ILCS 5/5—6—3.1(f) (West 1992))), I am unpersuaded that it intended to preclude an order of supervision as a predicate offense for felony enhancement purposes. The ultimate dismissal of the charge following the satisfactory completion of a supervision period does not, in my view, nullify the judicial determination that the offense was committed. Instead, it merely mitigates the otherwise permanent effect of a judgment of conviction. I must respectfully disagree with the majority's apparent refusal to recognize any distinction between a judicial determination of guilt and a judgment of conviction. To ignore the commission of a

previous DUI violation for penalty enhancement purposes solely because the legislature has provided for the mitigation of the long-term effect of a judgment of conviction runs counter to this State's extensive efforts to address the problem of intoxicated drivers and serves to undermine the deterrent effect of the felony DUI statute.

The majority expresses a concern that innocent defendants may enter "pleas of convenience" (261 Ill. App. 3d at 332) in order to obtain the more lenient disposition of supervision. It correctly notes that a court, in accepting a guilty plea, is not required to make an independent finding that the evidence would prove guilt beyond a reasonable doubt. It goes on to conclude, "[b]ecause of this lesser quantum of evidence required for the taking of a guilty plea, we may not hold that one who pleads guilty to obtain court supervision will then conclusively be presumed upon a later conviction to have 'committed' the underlying act of DUI in the case in which he or she received the supervision" (261 Ill. App. 3d at 332). I, on the other hand, have no hesitation whatsoever in entertaining such a presumption for the purpose of establishing the penalty range for an alleged repeat offender. An accused person who stands before the court and, after receiving full admonitions and a supporting factual statement, chooses to voluntarily plead guilty must understand that it is not unreasonable for the court to regard his plea as a determination that he committed the offense.

Citing *People v. Finley,* the majority would also preclude the use of the previous offenses for enhancement purposes because the State failed to demonstrate that defendants had the benefit of counsel prior to entering the pleas which resulted in supervision. However, unlike the facts of *Finley,* the issue of whether the pleas were counseled was never raised by defendants in the trial court or on appeal. The record contains no indication that defendants were not represented by counsel when entering their pleas. Although I agree with the court in *Finley* that when a defendant attacks the use of the underlying conviction or guilty plea on the ground that he was denied his constitutional right to counsel, the burden falls upon the State to rebut the claim or to demonstrate that the defendant waived his right to counsel, I find no support for the majority's proposition that this court must presume from an incomplete record that a defendant has been denied his right to counsel. Because defendants have not presented this issue, it is understandable that the record before this court would not reflect whether the underlying pleas resulting in dispositions of supervision were counseled.

Accordingly, I would reverse the orders of the circuit court of Kane County dismissing the complaints against Pall and Sheehan.