THE WESTERN UNION TELEGRAPH COMPANY, Plaintiff-Appellee and Cross-Appellant, *v.* JOHN W. LEWIS, as Secretary of State, *et al.,* Defendants-Appellants and Cross-Appellees.

(No. 11645;

Fourth District—August 30, 1972.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe, A. Zola Groves, and Samuel E. Hirsch, Assistant Attorneys General, of counsel,) for appellants.

Brown, Hay & Stephens, of Springfield, (Edward J. Cunningham, of counsel,) for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff-Appellee, The Western Union Telegraph Company filed a complaint in chancery against Defendant-Appellant John W. Lewis, as Secretary of State, et al., seeking to recover franchise taxes, license fee and penalties assessed against plaintiff upon an incorrect, and later amended, annual corporate return filed by plaintiff. The trial court found that plaintiff was entitled to refund of taxes in the amount of $10,449.08 from which defendant appeals. The trial court assessed penalties against plaintiff in the sum of $1079.74 from which the plaintiff has filed a cross-appeal.

We summarize the pertinent facts. On February 28, 1968, plaintiff filed with the Secretary of State a "tentative annual report" setting out a stated capital of $425,532,926.00 and a paid-in surplus of $6,597,464.00 for a total capitalization of $432,130,390.00. This report was erroneous in that, as a result of clerical error, earned surplus of $127,472,114.00 was included in the stated capital figure. Prior to June 25, 1968, plaintiff filed a supplemental annual report. This report repeated the same error of the first report and again overstated the stated capital by $127,472,114.00, and also understated the property in Illinois. On June 25, 1968, the Secretary of State, on the basis of the incorrect figures contained in the supplemental report, invoiced plaintiff for franchise tax of $25,255.86 and additional license fee of $3,188.92 and demanded payment of $28,444.78, and advised plaintiff it had 10 days in which to object to the assessment. By letter dated July 16, 1968, the Secretary again demanded payment of the sum of $28,444.78.

Upon receipt of the Secretary's letter of July 16th, plaintiff discovered that the paid-in surplus figures should have been $6,597,464.00 rather than $134,069,578.00 the resulting error thus being in the sum of $127,472,114.00.

Plaintiff then prepared and filed, on July 24, 1968, an amended an-

nual report which corrected the error and enclosed its check in the amount of $17,995.70, which, the parties agree was the correct amount of the tax due to the State of Illinois based upon the correct figures contained in the amended report. The Secretary of State returned the amended report and the check stating that in order for him to accept them it would be necessary to assess a 10% penalty for "* * * the late filing of the report plus an additional 5% penalty for the issuance of the adjusted statement plus an additional 1% penalty per month for failure to pay the franchise tax on the required statutory date." The statute fixes July 1st of each year as the date on which all annual franchise taxes and all penalties for failure to file annual reports are due and payable. (Chapter 32, Section 157, 143, Ill. Rev. Stat. 1967.) Plaintiff then paid to the Secretary of State, on August 20, 1968, the sum of $28,697.34, the total tax assessed on the last incorrect return filed by it. Of this sum $10,449.08 was paid under protest. On September 18, 1968, plaintiff filed its suit in chancery which terminated by the decree as above noted.

■■■ The defendant urges that plaintiff had a right to correct the errors in its report on or before June 25th but not thereafter, citing Chapter 32, Section 157.100 Ill. Rev. Stat. 1969, and arguing that the statute provides "for an adjustment of franchise tax on or before the twenty-fifth day of June of the year in which such tax is due * * *", but that plaintiff was precluded, by this language, from amending the report *after* June 25th. This argument is not persuasive when the section in question is read in its entirety. It provides further that "If a corporation fails to apply for an adjustment of franchise tax by June 25th of the year in which the tax is due, an additional penalty of 5% shall be added to the amount of the franchise tax otherwise due from the corporation". To adopt defendant's construction of the statute would render the last above quoted provisions meaningless. The statute clearly provides for adjustment of the tax, without penalty, on or before June 25th of the year in which the tax is due, and just as clearly provides for adjustment *after* June 25th but imposes a penalty in the latter event. Defendant also urges that the mistake here was unilateral, that of plaintiff alone. In our view the statute provides for adjustment of the tax whether the mistake be unilateral or mutual or a combination of both. Defendant cites *United States Borax and Chemical Corp. v. Carpentier,* 14 Ill.2d 111, 150 N.E.2d 818. We view this case as neither controlling nor purporting to decide the issue present here. The case involves the right of a corporation to elect, in filing its annual report, to be assessed on its entire capital or on a proportional basis only. We do not read *Carpentier, supra,* to hold that the provisions of the statute prohibit the adjustment of franchise tax *after* June 25th to correct admittedly clerical errors.

■■ The plaintiff here availed itself of a remedy which the statute affords. It applied for adjustment of the franchise tax, and it paid under protest. Defendant cites *Davis v. Board of Education*, 323 Ill. 281; *Yates v. Royal Insurance Co.*, 200 Ill. 202; and *LeFevre v. County of Lee*, 353 Ill. 30, none of which seem to us to be in point, none involve the factual situation here present nor do they involve construction of the statute here involved, and none of the taxes were paid under protest as was done here, pursuant to the provisions of Chapter 127, Section 172, Ill. Rev. Stat. 1967. Taxes paid under protest may be recovered if improperly imposed. *Sinclair Pipe Line Co. v. Carpentier*, 10 Ill.2d 300, 140 N.E.2d 115; *Interstate Steel v. Stratton*, 340 Ill. 422, 172 N.E. 705, and Section 172 of the Statute expressly provides the procedure followed here.

■■ The plaintiff in its cross-appeal argues that the trial court erred in assessing the 5% penalty pursuant to the provisions of Chapter 32, Section 157.100, *supra*. Plaintiff urges that since the Secretary did not make the assessment of the tax until June 25th it should not be penalized for failure to apply for an adjustment prior to that time. No case is cited to support the argument. The erroneous assessment was occasioned by plaintiff's own mistake, the tax originally assessed by the Secretary was correctly computed on the figures supplied by plaintiff, the statute provides for the penalty and the trial court did not err in assessing it.

■■ Prior to July 31st, plaintiff tendered a correct return, together with the tax due thereon in the sum of $17,995.70. Since Section 157.100 provides for a penalty of 1% *for failure to pay the franchise tax*, as distinguished from penalties, on or before July 31st, the assessment of the 1% penalty for the month of August was error.

We reverse the decree of the Circuit Court insofar as it assessed the 1% penalty in the sum of $179.96 and affirm its decree in all other respects.

Affirmed in part and reversed in part.

TRAPP, P. J., and CRAVEN, J., concur.