YELLOW EQUIPMENT & TERMINALS, INC., Plaintiff-Appellee, *v.* JOHN W. LEWIS, Secretary of State, *et al.,* Defendants-Appellants.

Fourth District No. 13019

Opinion filed January 22, 1976.—Rehearing denied March 9, 1976.

William J. Scott, Attorney General, of Chicago (Ann Plunkett Sheldon, Assistant Attorney General, of counsel), for appellants.

Richard A. Kerwin, of Burke, Kerwin & Towle, of Chicago, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This appeal involves a dispute between plaintiff, a foreign corporation and defendant, the Secretary of State of Illinois, over the method of computation that should be used in assessing the additional franchise tax for 1969.

The issue presented is whether the additional franchise taxes for 1969 should be computed according to the election, made in plaintiff's 1969 annual report, to be taxed on a 100% basis or according to the method elected in the 1970 annual report which was apportioned in-State basis.

The trial court ruled that the 1970 election was effective so that an apportionment method must be used by the Secretary of State. The Secretary appealed this decision. We reverse.

A chronology of events is helpful in understanding the interpretation of the statute in question—"Basis for computation of franchise taxes payable by foreign corporations," section 139(a) of the Illinois Business Corporation Act (Ill. Rev. Stat. 1969, ch. 32, §157.139).

On February 26, 1969, plaintiff filed its 1969 annual report and, in that report, elected to have its annual franchise tax assessed on 100% of its stated capital ($20,500) and paid-in surplus ($0). Plaintiff had 1,025 shares outstanding. Each foreign corporation doing business in Illinois is required to file an annual report between January 15 and the last day of February of each year. (Ill. Rev. Stat. 1969, ch. 32, §157.116.) The annual report is required to furnish certain information as of December 31 of the preceding year with exceptions not pertinent here. Ill. Rev. Stat. 1969, ch. 32, §157.115.

From the information furnished in the annual report, the Secretary of State assesses the annual franchise tax. The tax is assessed for the fiscal year July 1 through the end of June of the next succeeding year.

(Ill. Rev. Stat. 1969, ch. 32, §157.143.) Since the tax is due by July 1, it is necessarily paid in advance of the year for which it is imposed.

On March 1, 1969, plaintiff issued 75 shares to Yellow Freight System, Inc., parent and sole stockholder of plaintiff. This transfer represented the cancellation of a $9,000,000 debt and the transfer of that amount to the stated capital of plaintiff. This action was taken as a result of an order by the Interstate Commerce Commission in December, 1968. According to statute (Ill. Rev. Stat. 1969, ch. 32, §157.117-119), this change should have been reported by plaintiff to the Secretary of State within 60 days of March 1, 1969, but it was not.

Prior to July 1, 1969, the Secretary of State computed plaintiff's franchise tax on the 100% basis elected in its 1969 report according to the figures in that report. Plaintiff paid that tax. The tax paid by plaintiff in June of 1969, was for the fiscal year July 1, 1969, to June 30, 1970. When reference is made to the 1969 tax, it refers to the fiscal year July 1, 1969, through the end of June 1970.

On February 4, 1970, plaintiff filed its 1970 annual report wherein stated capital was listed as $9,020,500 and the number of shares 1,100. That report amended the previous election so that the tax was to be computed on the apportionment basis set out in sections 136 and 139 of the Business Corporation Act (Ill. Rev. Stat. 1969, ch. 32, §§157.136, 157.139.) The tax is then determined with reference to the value of property and amount of business in Illinois compared to out of State. The 1970 assessment was made on that apportioned basis, and was paid on time by plaintiff. The 1970 tax is not involved here.

The information in the 1970 annual report was the first notice to the Secretary of State of the changes which had taken place in 1969. On September 16, 1970, plaintiff was notified that it should comply with the statutory filing requirements and file a report of change in capital. This was filed by plaintiff on October 1, 1970.

Subsequently plaintiff paid the taxes under protest and filed an action in the Circuit Court of Sangamon County for the return. The trial court agreed with plaintiff's interpretation of the statute.

The statute is in pertinent part as follows:

"The basis for the initial franchise tax payable by a foreign corporation shall be the amount represented in this State, determined in accordance with the provisions of this Section, of the sum of its stated capital and paid-in surplus as disclosed by its application for a certificate of authority to transact business in this State.

The basis for an additional franchise tax payable by a corporation except in the case of a statutory merger, shall be the in-

creased amount represented in this State, determined in accordance with the provision of this Section, of the sum of its stated capital and paid-in surplus as disclosed by any report of issuance of additional shares, or of an increase in stated capital or paid-in surplus, or both, without the issuance of shares, or of an exchange or reclassification of shares.

\* \* \*

The basis for the annual franchise tax and the supplemental annual franchise tax of a foreign corporation shall be the amount represented in this State, determined in accordance with the provisions of this Section, of the sum of its stated capital and paid-in surplus on December 31 of the preceding calendar year \* \* \* and prior to June 25 of the current calendar year, as disclosed by any report or document filed by it with the Secretary of State.

The amount represented in this State of the sum of the stated capital and paid-in surplus of a foreign corporation shall be determined in the same manner as provided in this Act with respect to license fees of foreign corporations, except as follows: (a) If the corporation elects in its annual report in any year to pay its franchise tax upon the sum of its entire stated capital and paid-in surplus, all franchise taxes accruing against the corporation after the filing of said annual report shall be assessed accordingly, until the corporation elects otherwise (1) in a subsequent annual report filed on or before June 25 of said year and before payment of its annual franchise tax or supplemental annual franchise tax, or (2) in an annual report for a subsequent year." Ill. Rev. Stat. 1969, ch. 32, §157.139.

■■ Plaintiff argues that the assessment for additional franchise taxes resulting from the increased capitalization in 1969 should have been computed on the proportional basis elected in plaintiff's 1970 annual report and not on the 100% basis elected in its 1969 annual report. Section 139(a) provides two methods for changing an election: (1) by filing a subsequent annual report on or before June 25 and before payment of its annual franchise tax; or (2) by the filing of an annual report for a subsequent year. Plaintiff contends that its 1970 annual report is an effective election under 139(a)(2).

■■ The leading case interpreting section 139 is *United States Borax & Chemical Corp. v. Carpentier*, 14 Ill. 2d 111, 150 N.E.2d 818. In *United States Borax*, plaintiff corporation elected to pay its 1956 franchise tax on a 100% in its 1956 annual report. This was paid on June 22, 1956. On May 31, June 4, June 6, and July 2, 1956, plaintiff increased its

stated capital and paid-in surplus as a result of a merger. These were reported, as required by statute, in a report to the Secretary of State on July 30, 1956. Also submitted at that time was an amended annual report which purported to change the basis for imposition of additional franchise taxes from a 100% to an apportionment method. The Secretary of State refused to receive or file the report, on the ground that the basis could only be changed by filing an amended annual report before June 25, 1956, and before payment of the annual fees. (Section 139(a)(1).) The Illinois Supreme Court held that it was constitutionally permissible to impose a franchise tax upon the entire value of property and business transacted by the corporation when that was the election made by the corporation. The court stated:

> "It is clear from the case of *Jewel Tea Co. v. Rowe*, 414 Ill. 495, that the basis for additional franchise taxes is to be determined from such additional reports as are required by the Business Corporation Act. These reports determine the basis— the original or subsequent annual report determines the method— and the computation upon a proportionate method can be made only from the annual report (when one has been filed) *on file on the date of the increase*, as specified by section 136." (Emphasis added.) 14 Ill. 2d 111, 124, 150 N.E.2d 818, 826.

The court held that the corporation was bound by the election made in its annual report and that election could not be changed after June 25 and payment of the taxes.

Plaintiff argues, however, that section 139(a)(2) gives it an alternative election. Section 139(a)(2) provides that taxes shall be assessed on the election made in an annual report until the corporation elects otherwise in an annual report for a subsequent year. Plaintiff argues that the 1970 annual report is effective to change the method for assessing additional franchise taxes for 1969.

■■ A cardinal rule of construction is that a statute should be construed so that no clause, or sentence is rendered meaningless. (*People ex rel. Barrett v. Barrett*, 31 Ill. 2d 360, 201 N.E.2d 849.) A statute should be construed so as to give it a clear and logical meaning rather than an interpretation which would tend to make provisions illogical or useless. *Havlik v. Marcin*, 132 Ill. App. 2d 532, 270 N.E.2d 189.

■■ Plaintiff's interpretation of section 139(a)(2) renders the distinct deadlines of section 139(a)(1) (that an election can be changed in a subsequent annual report filed on or before June 25 of the year the tax is imposed and before payment of the annual franchise tax) meaningless. Clearly the legislature intended that section 139(a)(2) be interpreted so as to mean that an annual report for a subsequent year is

effective to change· the method of computation *for that subsequent year.* ██ In the case at bar, plaintiff had over three months after the change in capital structure to file an amended annual report. It chose not to do so. If plaintiff's argument is accepted it would mean that their violation of the reporting requirements for over a year enabled them to substantially reduce the additional 1969 franchise taxes by the filing of the 1970 annual report. This is an unreasonable·interpretation of the statute.

Plaintiff points to the opinion of this court in *Western Union Telegraph Co. v. Lewis,* 7 Ill. App. 3d 285, 287 N.E.2d 169, as support for its position. That case is·clearly distinguishable. *Western Union,* involved section 100 of the Act (Ill. Rev. Stat. 1969, ch. 32, §157.100) dealing with adjustments of franchise taxes.·The court held that section 100 "clearly provides for adjustment *after* June 25th but imposes a penalty * * *. We do not read [*United States Borax & Chemical Corp. v. Carpentier*] to hold that the provisions of the statute prohibit the adjustment of franchise tax *after* June 25th to correct admittedly clerical errors." (7 Ill. App. 3d 285, 287.) The case at bar does not involve "admittedly clerical errors."

Accordingly the judgment of the circuit court of Sangamon County is reversed.

Judgment reversed.

CRAVEN, P. J., and GREEN, J., concur.