754 N.E.2d 349 (2001)
324 Ill. App.3d 344
257 Ill.Dec. 691
MILWAUKEE SAFEGUARD INSURANCE COMPANY, Alpha Property and Casualty Insurance Company, Milwaukee Mutual Insurance Company, Milwaukee Casualty Insurance Co., National American Insurance Company, Northwestern National Casualty Company, Vasa North Atlantic Insurance Company, Sentry Life Insurance Company, Dairyland Insurance Company, Sentry Insurance a Mutual Company, Liberty Mutual Fire Insurance Company, Liberty Life Assurance Company of Boston, Liberty Insurance Corporation, Liberty Mutual Insurance Company, Albany Insurance Company, Atlas Assurance Company of America, Utica Mutual Insurance Company, Graphic Arts Mutual Insurance Company, Cuna Mutual Insurance Society, Cumis Insurance *350 Society, Inc., Fortis Insurance Company, Mutual Service Casualty Insurance Company, Auto Owners Insurance Company, Owners Insurance Company, American Family Mutual Insurance Company, American Standard Insurance Company of Wisconsin, Mortgage Guaranty Insurance Corporation, Wisconsin Mortgage Assurance Corporation, Travelers Casualty & Surety Company, Travelers Casualty Surety Company of America, Travelers Commercial Insurance Company, The Automobile Insurance Company of Hartford, Connecticut, Farmington Casualty Company, The Phoenix Insurance Company, The Travelers Home and Marine Insurance Company, The Travelers Indemnity Company, The Travelers Life and Annuity Company, The Travelers Indemnity Company of Connecticut, The Standard Fire Insurance Company, The Charter Oak Fire Insurance Company, Travelers Casualty Company of Connecticut, Church Mutual Insurance Company, West Bend Mutual Insurance Company, Royal MacCabees Life Insurance Company, Motors Insurance Corporation, CIM Insurance Corporation, MIC Property and Casualty Insurance Corporation, MIC Life Insurance Corporation, MIC General Insurance Corporation, National General Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Life Insurance Company, Nationwide General Insurance Company, Nationwide Mutual Insurance Co., Nationwide Property & Casualty Insurance Company, National Casualty Company, Wausau Underwriters Insurance Co., Employers Insurance of Wausau a Mutual Company, American Economy Insurance Company, American States Life Insurance Company, American States Insurance Company, American States Preferred Insurance Company, Employers Health Insurance Company, American Continental Insurance Company, American Continental Life Insurance Company, Pharmacists Mutual Insurance Company, Plaintiffs-Appellants and Appellees,
v.
Stephen F. SELCKE, Director, the Department of Insurance, and Patrick Quinn, Treasurer of the State of Illinois, Defendants-Appellees and Appellants.
Nos. 1-00-1973, 1-00-1979.
Appellate Court of Illinois, First District, Second Division.
July 17, 2001.
Rehearing Denied August 27, 2001.
*351 Richard Bromley, R. Lee Christie, Mary Kay M. Martire, Bruce W. Doughty, Tracy D. Williams, Jason A. Bremer, Hopkins & Sutter, Chicago (Walter Hellerstein, University of Georgia Law School, of counsel), for Plaintiffs-Appellees.
James E. Ryan, Attorney General, Mark H. Berens, Jeffrey P. DeJong, Jeffrey T. Kraus, Iain D. Johnston, Howard K. Jeruchimowitz, Special Assistant Attorneys General, Altheimer & Gray, Chicago, Robert E. Wagner, Special Assistant Attorney General, Springfield, for Defendants-Appellants.
Justice COUSINS delivered the opinion of the court:
In this interlocutory appeal filed pursuant to Supreme Court Rule 308 (155 Ill.2d R. 308), the plaintiffs are a group of insurance companies incorporated outside Illinois that filed a complaint against defendants, the Director of the Illinois Department of Insurance and the Treasurer of the State of Illinois. Plaintiffs alleged that they were subject to an unconstitutional privilege tax that was not imposed on domestic insurance companies incorporated in Illinois. The plaintiffs further sought a refund of the privilege tax monies paid by them and deposited into a protest fund.
The trial court found that the privilege tax violated the uniformity clause of the Illinois Constitution (Ill. Const. 1970, art. IX, § 2), as well as the equal protection clauses of the Illinois Constitution (Ill. Const. 1970, art. I, § 2) and United States Constitution (U.S. Const., amend. XIV). Defendants appealed. The Illinois Supreme Court affirmed that the privilege tax violated the uniformity clause of the Illinois Constitution and found it unnecessary to consider plaintiffs' equal protection claims. Milwaukee Safeguard Insurance Co. v. Selcke, 179 Ill.2d 94, 104-05, 227 Ill.Dec. 731, 688 N.E.2d 68 (1997). The cause was remanded for further proceedings. Selcke, 179 Ill.2d at 105, 227 Ill.Dec. 731, 688 N.E.2d 68.
On remand, as the trial court began to consider remedial issues, the defendants asserted the "pass-on" defense, which states: in order for the plaintiffs to be entitled to a tax refund, they must show that they bore the burden of the tax and did not pass it on to their policyholders, thereby receiving a windfall. The trial *352 court held in favor of the defendants, ruling that the pass-on defense applied as a matter of law. The trial court then certified the following four questions for immediate interlocutory appeal: (1) whether the "pass-on defense" applies as a matter of law; (2) whether the plaintiffs have the burden of establishing that they bore the burden of the tax and did not receive a windfall; (3) whether defendants waived the issue of windfall; and (4) whether there should be further proceedings with respect to the amount of the windfall.

BACKGROUND
Plaintiffs are a group of insurance companies doing business in Illinois but incorporated in other states. Beginning in 1993, plaintiffs filed numerous suits challenging a privilege tax that was formerly imposed on foreign insurers. 215 ILCS 5/409 (West 1992).[1] As foreign companies, plaintiffs were required to pay a tax equal to 2% of their net premium income "for the privilege of doing business in this State." 215 ILCS 5/409(1) (West 1992). In count I of their complaints, plaintiffs sought a declaration that the privilege tax was unconstitutional and an order for a refund of the protested payments. In count II, plaintiffs sought a declaration that if the privilege tax was found to be unconstitutional, they would not be required to pay an additional retaliatory tax under section 444 of the Insurance Code. 215 ILCS 5/444 (West 1992). Plaintiffs each paid the privilege tax under protest. 30 ILCS 230/2a.1 (West 1992). The trial court consolidated the suits.
In 1996, the trial court granted plaintiffs' motion for partial summary judgment on count I. The trial court held that the privilege tax unconstitutionally discriminated against foreign insurers in violation of the uniformity clause of the Illinois Constitution (Ill. Const. 1970, art. IX, § 2) and the equal protection clauses of the Illinois Constitution (Ill. Const. 1970, art. I, § 2) and the United States Constitution (U.S. Const., amend. XIV).
On October 23, 1997, the Illinois Supreme Court affirmed the trial court's decision, declaring that the privilege tax was unconstitutional under the uniformity clause because it exempted domestic insurance companies that met certain qualifications from payment of the tax but required foreign companies that met those same qualifications to pay the tax. Selcke, 179 Ill.2d at 101-03, 227 Ill.Dec. 731, 688 N.E.2d 68. The court held that this requirement violated the uniformity clause because it was not reasonably related to any real and substantial difference between foreign and domestic insurance companies. Selcke, 179 Ill.2d at 101-03, 227 Ill.Dec. 731, 688 N.E.2d 68. The cause was remanded for further proceedings.
After the Illinois Supreme Court's ruling, defendants paid refunds of the privilege tax to two plaintiffs. On remand, the trial court granted plaintiffs' motion for partial summary judgment on count II in June 1999, holding that retrospective application of the retaliatory tax would unconstitutionally discriminate against plaintiffs. Defendants filed a motion for reconsideration of the court's decision on count II. Although the motion was fully briefed and argued to the trial court in September 1999, the trial court has not yet ruled on that motion.
On February 8, 2000, defendants filed a motion to postpone ruling on their reconsideration motion, asking the court to delay *353 its ruling because there might be arguments not made previously that bore on the constitutionality of the application of the retaliatory tax. Plaintiffs filed a motion to strike defendants' motion to postpone ruling. In response, on March 9, 2000, defendants raised the pass-on defense for the first time, arguing that plaintiffs should not be unjustly enriched by a tax refund or credit that they passed on to their policyholders. Defendants also indicated that the Governor had appointed a task force to draft an executive order to help resolve remedial issues raised in Selcke.
On May 23, 2000, defendants filed a discovery motion to proceed on the windfall issue. In the motion, defendants argued that the pass-on defense was applicable to these proceedings, that the plaintiffs had the burden to prove that they did not pass on the expense to their policyholders, and that the court should grant defendants discovery with respect to the pass-on defense. Plaintiffs opposed the discovery motion at a hearing two days later on May 25, arguing that the court should reject the pass-on defense as a matter of law. Plaintiffs also argued that defendants had waived their right to assert the pass-on defense.
On June 1, 2000, the trial court ruled in favor of defendants concerning the availability of the pass-on defense. The court then issued an order certifying four questions relating to the availability of the pass-on defense, noted above, for immediate interlocutory appeal pursuant to Rule 308.
Plaintiffs filed a timely application for leave to appeal on June 15, 2000. Although defendants were the prevailing party on the certified issues and not required to petition for leave to appeal, defendants also filed an application for leave to appeal. The court subsequently granted the parties' joint motion to consolidate their applications.
We affirm and remand.

ANALYSIS
Plaintiffs rely on McKesson Corp. v. Division of Alcoholic Beverages & Tobacco, Department of Business Regulation, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), to argue that the United States Supreme Court has rejected the pass-on defense as a matter of law. We disagree. To fully understand the implications of McKesson, it is necessary to examine the Court's decisions in two preceding cases that considered the pass-on defense: United States v. Jefferson Electric Manufacturing Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859 (1934), and Bacchus Imports, Ltd. v. Dias, 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984).
In Jefferson, the plaintiff manufacturer of auto parts applied for a sales tax refund, arguing that the articles sold were not auto parts within the meaning of the revenue statute. Jefferson, 291 U.S. at 389-90, 54 S.Ct. at 444, 78 L.Ed. at 866. The revenue statute further required the plaintiff to prove that it bore the burden of the tax and that the amount was not passed on to the ultimate purchaser. Jefferson, 291 U.S. at 391, 54 S.Ct. at 445, 78 L.Ed. at 861. The Court enforced this statutorily created pass-on defense, holding that the right to refund depended on an additional element that must be proven by the plaintiff. The Court explained that this restriction did not violate due process because:
"This plainly is but another way of providing that the money shall go to the one who has been the actual sufferer and therefore is the real party in interest. * * * Statutes * * * requiring that suits be brought by the real rather than the nominal party in interest have been *354 uniformly sustained when challenged as infringing the contract and due process clauses of the Constitution." Jefferson, 291 U.S. at 402, 54 S.Ct. at 449, 78 L.Ed. at 871-72.
In Bacchus, plaintiff liquor wholesalers sought a refund of an excise tax imposed on the sale of liquor at wholesale. Plaintiffs argued that the tax was unconstitutional because it contained an exemption for certain locally produced alcoholic beverages. Bacchus, 468 U.S. at 265, 104 S.Ct. at 3052, 82 L.Ed.2d at 205. The Court held that the tax violated the commerce clause (U.S. Const., art. I, § 8, cl. 3) by discriminating against interstate commerce and providing a direct commercial advantage to local businesses. Bacchus, 468 U.S. at 273, 104 S.Ct. at 3056, 82 L.Ed.2d at 211.
After holding that the tax was unconstitutional, the Court further considered defendants' contention that the wholesalers were not entitled to refunds since they did not bear the economic incidence of the tax but passed it on as a separate addition to the price that their customers were legally obligated to pay. The Court characterized the pass-on defense as a refund issue which was essentially an issue of remedy. Bacchus, 468 U.S. at 277, 104 S.Ct. at 3058, 82 L.Ed.2d at 213. The Court noted that remedial issues were not considered by the state courts below and that the "federal constitutional issues involved may well be intertwined with, or their consideration obviated by, issues of state law." Bacchus, 468 U.S. at 277, 104 S.Ct. at 3058, 82 L.Ed.2d at 213. The Court then remanded the cause for further proceedings. Bacchus, 468 U.S. at 277, 104 S.Ct. at 3058, 82 L.Ed.2d at 213. In a subsequent case, the Court explained that Bacchus was remanded "solely for consideration of the pass-through defense." James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 539, 111 S.Ct. 2439, 2445, 115 L.Ed.2d 481, 491 (1991).
Following Bacchus, the United States Supreme Court in McKesson affirmed that a Florida liquor excise tax that exempted locally produced alcoholic beverages was unconstitutional for violating the commerce clause. The Court noted that the Florida Supreme Court below had denied plaintiffs a refund, however, due to "equitable considerations" which included the pass-on defense. McKesson, 496 U.S. at 44, 110 S.Ct. at 2254, 110 L.Ed.2d at 41. The Supreme Court rejected the Florida court's use of the pass-on defense for two reasons.
First, the Court found the following statement by the Florida Supreme Court to be sheer speculation:
"[I]f given a refund, [plaintiffs] in all probability receive a windfall, since the cost of the tax has likely been passed on to [its] customer." Division of Alcoholic Beverages & Tobacco, Department of Business Regulation v. McKesson Corp., 524 So.2d 1000, 1010 (Fla.1988).
Neither party had the opportunity to present evidence concerning the extent, if any, of the plaintiff's ability to pass on the economic burden of the excise tax to its consumers or suppliers. McKesson, 496 U.S. at 46 n. 30, 110 S.Ct. at 2255 n. 30, 110 L.Ed.2d at 42 n. 30. The Court admonished:
"[D]etermining whether a particular business cost has in fact been passed on to customers or suppliers entails a highly sophisticated theoretical and factual inquiry; a court certainly cannot withhold part of a refund otherwise required to rectify an unconstitutional deprivation without first satisfactorily engaging in this inquiry." McKesson, 496 U.S. at 47, 110 S.Ct. at 2255, 110 L.Ed.2d at 42.
*355 Second, the Court emphasized that, unlike Jefferson, which involved a mere tax overassessment, the plaintiff in McKesson was subject to a discriminatory tax and therefore suffered a twofold injurynot only was he poorer in the absolute sense, but the tax also placed him at a competitive disadvantage in the marketplace in violation of the commerce clause. McKesson, 496 U.S. at 47-49, 110 S.Ct. at 2256-57, 110 L.Ed.2d at 42-43. The Court reasoned that, in the face of a discriminatory tax, the Florida Supreme Court's mere passing reference to "equitable considerations" did not justify the state's attempt to avoid bestowing a so-called "windfall." McKesson, 496 U.S. at 47, 110 S.Ct. at 2256, 110 L.Ed.2d at 42. The Court noted that neither the Florida Supreme Court nor the state had cited any authority to support the view that Florida law recognized a nonstatutory pass-on defense in the context of a discriminatory tax. McKesson, 496 U.S. at 47-49, 110 S.Ct. at 2256-57, n. 34, 110 L.Ed.2d at 42-43.
The plaintiffs rely on McKesson to argue that the pass-on defense cannot apply as a matter of law in a discriminatory tax case. We are not persuaded by the plaintiffs' overly broad reading of McKesson, especially in light of the United States Supreme Court's decision in James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), decided one year after McKesson. Like Bacchus and McKesson, Beam involved a liquor tax that discriminated against interstate commerce by exempting alcoholic beverages that were locally produced. Although Beam did not specifically address the question of the pass-on defense, the Court did comment that Bacchus was remanded solely to consider the pass-on defense without indicating any disapproval of such a result. Beam, 501 U.S. at 539, 111 S.Ct. at 2445, 115 L.Ed.2d at 491. In fact, the Court's reading of Bacchus further emphasizes that the use of the pass-on defense was not presumptively invalid in a discriminatory tax case after McKesson:
"Although the taxpaying appellants prevailed on the merits of their Commerce Clause claim, however, the Bacchus Court did not grant outright their request for a refund of taxes paid under the law found unconstitutional. Instead, we remanded the case for consideration of the State's arguments that appellants were `not entitled to refunds since they did not bear the economic incidence of the tax but passed it on as a separate addition to the price that their customers were legally obligated to pay.'" Beam, 501 U.S. at 538-39, 111 S.Ct. at 2445, 115 L.Ed.2d at 490, quoting Bacchus, 468 U.S. at 276-77, 104 S.Ct. at 3058, 82 L.Ed.2d at 213.
The Court then remanded the case to consider an appropriate remedy because "remedial issues were neither considered below nor argued to this Court, save for an effort by petitioner to buttress its claim by reference to our decision last Term in McKesson." Beam, 501 U.S. at 544, 111 S.Ct. at 2448, 115 L.Ed.2d at 494. The Court went on to state:
"Nothing we say here deprives respondents of their opportunity to raise procedural bars to recovery under state law or demonstrate reliance interests entitled to consideration in determining the nature of the remedy that must be provided, a matter with which McKesson did not deal." (Emphasis added.) Beam, 501 U.S. at 544, 111 S.Ct. at 2448, 115 L.Ed.2d at 494.
In fact, on remand the Georgia Supreme Court held that, under the pass-on defense, the plaintiffs were procedurally barred from pursuing an action for refund because the "[United States] Supreme *356 Court invited the State to invoke, on remand, independent procedural bases for its refusal to provide a refund." James B. Beam Distilling Co. v. State, 263 Ga. 609, 610, 437 S.E.2d 782, 784 (1993).
In our view, the United States Supreme Court did not preclude the use of the pass-on defense in a discriminatory tax case. In Bacchus and Beam the state courts had not considered remedial issues and the United States Supreme Court therefore allowed consideration of the pass-on defense on remand. By contrast, in McKesson the Florida Supreme Court had considered remedial issues but the United States Supreme Court was not persuaded that mere reference to "equitable considerations" without further support from Florida law would justify the use of the pass-on defense in a discriminatory tax case.
McKesson is distinguishable from the instant case. Unlike the defendant in McKesson, defendants here have cited an Illinois Supreme Court case that supports the use of a nonstatutory pass-on defense in a discriminatory tax case. See Consolidated Distilled Products, Inc. v. Mahin, 56 Ill.2d 110, 306 N.E.2d 465 (1973). In Consolidated, plaintiff wine distributors sued for a refund of taxes that were imposed on wine made from grapes grown outside Illinois. Wine made from grapes grown in Illinois was taxed at a lower rate than wine made from grapes grown outside Illinois. Plaintiffs alleged that the differential tax rate violated numerous clauses of the United States and Illinois Constitutions, including the commerce clause. Consolidated, 56 Ill.2d at 116, 306 N.E.2d 465. Certain individuals who had allegedly purchased wine at retail were also permitted to intervene on behalf of all wine purchasers in Illinois. It was their position that any reimbursement should accrue to the ultimate purchasers who had actually borne the burden of the tax. Consolidated, 56 Ill.2d at 116, 306 N.E.2d 465. Thus, on the one hand a tax refund was claimed by the plaintiffs because they paid the tax, and on the other hand by the intervenors, who asserted that they bore the actual burden of the tax.
The Illinois Supreme Court found that a threshold issue was whether the plaintiffs, in order to establish their right to a refund, must show that they bore the burden of the tax. If neither party was entitled to a refund, the court reasoned that it would be unnecessary to review the constitutional validity of the tax. Consolidated, 56 Ill.2d at 116, 306 N.E.2d 465. The court found that Illinois law recognized a general policy against unjust enrichment through the refund of illegal taxes and cited its decision in Benzoline Motor Fuel Co. v. Bollinger, 353 Ill. 600, 187 N.E. 657 (1933) (recognizing the legitimacy of a pass-on defense in the absence of any statute). The court also examined the statutory policy against unjust enrichment found in tax refund statutes like the Retailers' Occupation Tax Act (Ill.Rev.Stat.1971, ch. 120, par. 440 et seq.) and the United States Supreme Court's decision in Jefferson, 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859 (the proper party to recover a tax illegally exacted is the person actually bearing the burden of the tax). According to the court, simply because the Illinois General Assembly did not specifically incorporate provisions against unjust enrichment in the statute at issue did not repudiate the state's general policy against unjust enrichment. Consolidated, 56 Ill.2d at 118-19, 306 N.E.2d 465.
Thus, the court held not only that the plaintiffs must show as a matter of law that they bore the burden of the tax, but that they failed as a matter of fact to do so. The court stated:
"There has been no showing that [the plaintiffs] bore the burden of the tax. *357 The only proof that bears upon that question is the stipulation * * * that shows, or tends to show, that they passed the tax on to the retailers to whom they sold." Consolidated, 56 Ill.2d at 119, 306 N.E.2d 465.
Absent such a showing, the court concluded that the plaintiffs did not have a right to a refund. See also Estate of Carey v. Village of Stickney, 81 Ill.2d 406, 413, 44 Ill.Dec. 240, 411 N.E.2d 209 (1980) (discussing "the State's policy against unjust enrichment" which forbade racetrack licensee from keeping money collected from ticket holders under illegal tax); Schlessinger v. Olsen, 102 Ill.2d 497, 502, 82 Ill.Dec. 378, 468 N.E.2d 1158 (1984) (mentioning the "general proposition" that only those who have borne the burden of an unconstitutional tax may seek a refund); Silver Fox Limousine v. City of Chicago, 306 Ill.App.3d 103, 114, 239 Ill.Dec. 52, 713 N.E.2d 583 (1999) (approving rationale behind statutorily created pass-on defense which "simply prevent[ed] ground transportation providers from receiving a windfall by recovering the amount of the tax twice and ensure[d] that the actual taxpayer receive[d] the benefit of a refund or credit").
Plaintiffs cite a number of tax refund cases to claim that Illinois law does not recognize the pass-on defense. See Kerasotes Rialto Theater Corp. v. City of Peoria, 77 Ill.2d 491, 34 Ill.Dec. 118, 397 N.E.2d 790 (1979); Searle Pharmaceuticals, Inc. v. Department of Revenue, 117 Ill.2d 454, 111 Ill.Dec. 603, 512 N.E.2d 1240 (1987); Venture Stores, Inc. v. Ryan, 286 Ill.App.3d 673, 222 Ill.Dec. 688, 678 N.E.2d 300 (1997); Geja's Cafe v. Metropolitan Pier & Exposition Authority, 153 Ill.2d 239, 180 Ill.Dec. 135, 606 N.E.2d 1212 (1992); Shell Oil Co. v. Department of Revenue, 95 Ill.2d 541, 70 Ill.Dec. 191, 449 N.E.2d 65 (1983); Kraft, Inc. v. Sweet, 213 Ill.App.3d 889, 157 Ill.Dec. 320, 572 N.E.2d 389 (1991); Western Union Telegraph Co. v. Lewis, 7 Ill.App.3d 285, 287 N.E.2d 169 (1972). However, in those cases, the pass-on defense was never raised by any party. The cases cited simply demonstrate that where the pass-on defense is not codified by the applicable tax refund statute and therefore not a required element of the plaintiff's refund action, Illinois law does not require plaintiffs to prove that they bore the burden of the tax before being entitled to a refund. Rather, in such cases, the parties have discretion to choose whether to raise the pass-on defense.
Plaintiffs also assert that the pass-on defense is a question of standing and that the defendants have waived the issue by failing to raise it in their answer as an affirmative defense. Although some Illinois cases have characterized the defense as a threshold standing inquiry (Consolidated, 56 Ill.2d at 116, 306 N.E.2d 465; Consolidated Distilled Products, Inc. v. Allphin, 73 Ill.2d 19, 29, 21 Ill.Dec. 853, 382 N.E.2d 217 (1978)), the United States Supreme Court has repeatedly asserted that the pass-on defense is a "refund" issue that may be considered at the remedy phase of an action. See Bacchus, 468 U.S. at 277, 104 S.Ct. at 3058, 82 L.Ed.2d at 213 (remanded the case solely for consideration of pass-on defense, a "refund issue[], * * * essentially [an] issue[] of remedy"); McKesson, 496 U.S. at 46-49, 110 S.Ct. at 2255-57, 110 L.Ed.2d at 42-43 (pass-on defense considered a remedial question); Beam, 501 U.S. at 538-39, 111 S.Ct. at 2445, 115 L.Ed.2d at 490 (characterizing the pass-on defense as a remedial issue). In light of the Supreme Court's precedents, we hold that it was not improper for defendants to raise the pass-on defense for the first time at the remedial phase of the litigation.
*358 Finally, we turn to the question of allocation of the burden of proof. The party challenging a taxpayer's entitlement to a refund, in this case the defendants, undoubtedly bears the burden of raising the pass-on defense. Once such a defense is raised, however, it becomes the taxpayer's burden to show that it did not pass on the tax to another party. Consolidated, 56 Ill.2d at 119, 306 N.E.2d 465. Since Illinois law does not foreclose the defendants' use of the pass-on defense as a matter of law in the instant case, the cause shall be remanded for further proceedings not inconsistent with this opinion.
In conclusion, we respond to the four questions certified in this Rule 308 appeal as follows:
(1) The "pass-on defense" applies as a matter of law in the instant case;
(2) since the pass-on defense has been raised by the defendants, the plaintiffs now have the burden of establishing that there was no windfall;
(3) defendants did not waive the issue of windfall because the pass-on defense may be considered at the remedial phase of litigation; and
(4) further proceedings are appropriate with respect to determining the amount of windfall.
For the foregoing reasons, the trial court's ruling is affirmed and the cause is remanded.
Affirmed and remanded.
CAHILL, P.J., and GORDON, J., concur.
NOTES
[1] This section of the Illinois Insurance Code was rewritten by Public Act 90-583 (Pub. Act 90-583, eff. May 29, 1998).